IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>vs. )<br>)<br>MARCUS ROSE , )<br>)<br>    Defendant. ) | CRIMINAL NO. 06-00092-CG |

## ORDER

This matter is before the court on defendant's motion to dismiss the indictment. (Doc. 12). The motion appears to be a "canned motion" that attacks not only the indictment, but also the statute the indictment alleges the defendant violated. The motion makes only general and conclusory statements about why the indictment is deficient, and fails to cite any legal support for these general allegations.

The court has reviewed the indictment and finds that it passes constitutional muster. It states a "plain, concise , and definite written statement of the essential facts constituting the offense charged ."[1] Rule 7(c)(1) FED.R.CR.P.   An indictment is sufficient "if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar

---

[1] The indictment charges one count and states:
On or about April 26, 2006, in the Southern District of Alabama, Northern Division, the defendant, **MARCUS ROSE**, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, to-wit: Intimidating a Witness, on or about December 13, 2000, in the Circuit Court of Dallas County, Alabama, Case Number CC 00-00208; did knowingly possess, in and affecting commerce, a firearm, namely, a Smith & Wesson. .44 Magnum caliber pistol, model  629 Classic, serial number CAL1940. In violation of Title 18, United States Code, Section 922 (g)(1).

against double jeopardy for any subsequent prosecution for the same offense." United States v. Steele, 147 F.3d 1316, 1320 (11th Cir.1998) ( en banc ).

Defendant complains that the indictment "fails to state with particularity the time and place of the offense." (Doc. 12).  However, an indictment is not required to set forth the exact time and location of an offense, and needs only to allege that the offense occurred in a specific judicial district, because these details are not essential elements of the charged offense. U.S. v. Steele, 178 F.3d 1230, 1234 (11th Cir.), cert. denied 528 U.S. 933 (1999).  The indictment does not fail for lack of specificity.

Defendant next claims, without citing any legal or factual support, that the indictment fails to state an offense against the "laws of the United States Constitution" (sic), and that the "indictment is so vague, indefinite or uncertain as to be in violation of the United States Constitution and Constitution of Alabama of 1901, Article I, Section VI." (Doc. 12).  It is a novel assertion that an indictment returned by a Federal Grand Jury is required to meet the requirements of the Constitution of the State of Alabama.  The defendant provides no legal support for this proposition, and the court rejects it.  A federal indictment must meet the requirements of the United States Constitution.  The defendant does not enlighten the court as to what he claims is so vague, indefinite or uncertain about the indictment to cause a constitutional deficiency.  The court finds that the indictment in this case alleges the essential elements of the offense, notifies the defendant of the charge to defend against, and protects him against double jeopardy.  The indictment is not constitutionally defective.

Defendant finally claims that the "statutes" under which the indictment is drawn "are unconstitutional in that said statutes are vague, uncertain, confusing and misleading." (Doc. 12).

There is only one statute on which the indictment is based : 18 U.S.C. §921(g)(1), and defendant does not enlighten the court concerning what aspect of the statute he considers void for vagueness. The court is aware that numerous courts have upheld the statute against various allegations that certain of its aspects were unconstitutionally vague. See, e.g., .U.S. v. Wallace,, 889 F.2d 580, (5th Cir. 1989), cert. denied, 522 U.S. 836 (1990); U.S. v. Conner, 886 F. 2d  984 (8th Cir. 1989), cert. denied, 493 U.S.1089 (1990); U.S. v. Quiroz, 449 F.2d 583 (9th Cir. 1971). The court declines to speculate as to what the defendant's argument is in this regard, and finds that the statute is not unconstitutionally vague as it gives fair warning as to the nature of the proscribed conduct.

For the foregoing reasons, defendant's motion to dismiss the indictment (Doc. 12), is **DENIED.**

**DONE and ORDERED** this 6th day of September, 2006.

                                                      /s/   Callie V. S. Granade
                                        CHIEF UNITED STATES DISTRICT JUDGE